IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gary L. Grant, ) ) Petitioner, ) ) v. ) ) Warden, Kershaw Correctional Institution, ) ) Respondent. ) | Civil Action No. 4:18-cv-02271-TMC ORDER |

Petitioner Gary Grant, a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this court dismiss the Petition for Writ of Habeas Corpus (ECF No. 1) because it is successive. (ECF No. 10). The magistrate judge notified Petitioner of his right to file objections to the Report (ECF No. 10 at 5), and Petitioner filed timely objections (ECF No. 12).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition *pro se*, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In his Report, the magistrate judge noted that Petitioner filed a previous § 2254 petition challenging the same conviction and sentence that are now at issue in the current Petition. (ECF No. 10 at 2-3). As the magistrate judge did, the court takes judicial notice of the ruling in Petitioner's previous case pertaining to a previous § 2254 petition, in which the undersigned granted summary judgment for the

respondent and dismissed the habeas petition. *Grant v. Warden of Lee Corr. Inst.*, No. 4:16-cv-00540-TMC, 2017 WL 372107 (D.S.C. Jan. 26, 2017). Accordingly, the undersigned is without jurisdiction to rule on the merits of the Petition. *See* 28 U.S.C. § 2244(b)(1) ; *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (discussing habeas procedure regarding second or successive petitions).

Notably, in his objections to the Report, Petitioner specifically states that "[t]his court should dismiss Petitioner['s] active Petition for a Writ of Habeas Corpus and allow him to file his notice of appeal and writ of certiorari in the proper jurisdiction." (ECF No. 12 at 3). Furthermore, Petitioner now states that he wishes to seek authorization "from the Court of Appeals" to file a second petition. *Id.* Accordingly, it does not appear that Petitioner challenges the magistrate judge's determination that this court is without jurisdiction to rule on this successive habeas petition.[1]

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 10).

---

[1] Furthermore, to the extent that Petitioner alleges that he did not intend to file a habeas petition, but rather, sought to appeal an order of the South Carolina Supreme Court, this court lacks jurisdiction to hear a direct appeal from the state Supreme Court. It appears that Petitioner relies on 28 U.S.C. § 1257 (A) as the basis for jurisdiction for such appeal (ECF No. 13 at 2), which does not give this court jurisdiction to hear such an appeal. Accordingly, to the extent that Petitioner sought to file this action as a direct appeal of an order of the South Carolina Supreme Court and not as a habeas petition, it is subject to dismissal for lack of jurisdiction.

Accordingly, the Petition (ECF No. 1) is **DISMISSED without prejudice and without requiring Respondent to file a return.**[2]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 11, 2018

---

[2] The court notes that after filing his objections, Petitioner subsequently filed what he titled a "Motion for Leave to File Pleadings in Proper Jurisdiction" (ECF No. 13) and a "Notification" that he had filed a grievance in the South Carolina Supreme Court against the prosecuting attorney from the case underlying his convictions at issue in the instant Petition (ECF No. 18). Petitioner does not need an order from this court to seek authorization from the Fourth Circuit Court of Appeals to file a second petition for habeas corpus. *See* 28 U.S.C. § 2244 (b)(3)(A). Additionally, to the extent that Petitioner's "Notification" seeks any relief, the court is without jurisdiction to grant or deny such relief.